**WELTY v. CLUTE et al.**

**Civ. No. 44.**

District Court, W. D. New York.

Aug. 20, 1940.

Ferris, Burgess, Hughes & Dorrance, of Utica, N. Y., for plaintiff.

Mandeville, Waxman, Buck, Teeter & Harpending, of Elmira, N. Y., for defendants.

KNIGHT, District Judge.

Two motions are presented for decision: One to take the deposition of the plaintiff; the other for discovery.

Upon plaintiff's application, his deposition was taken for the purpose of perpetuating his testimony. The plaintiff was examined and cross-examined at length. I have carefully read and re-read this deposition. While many of the answers of the plaintiff upon the cross-examination are not responsive to questions put, it seems to me that the deposition in its entirety answers all that is material in the examination now proposed and that a further examination is not necessary. I may further add that the bill of particulars recently served supplements this deposition heretofore taken with respect to these matters.

I have in mind the fact that the plaintiff's deposition was taken before issue was joined, but this fact alone is not material. While the bill of particulars does

not take the place of a deposition taken under Rule 26, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, the particulars stated become a part of the complaint, and if this is specific as to certain matters, there would not be need for a deposition as to these.

Further, I am led to the conclusion that the motion for taking of deposition should be denied since I am granting the motion for discovery in all the respects sought. The general objection is made to the motion for discovery that good cause is not shown and that it does not appear that the documents referred to "constitute or contain evidence material" or that such documents are "in the possession or control of the plaintiff." I think the record is sufficient in this respect.

As I read the deposition of the plaintiff, he has testified that in the taking of that deposition he had submitted all of the papers and documents that he had with reference to the transactions involved in this suit. If this is a truthful statement, it will not be necessary for him to deny possession or knowledge of any other documents. Of course, if there are other documents or other documents have come into his possession or to his attention since the taking of the deposition, these should be specifically set forth.

The motion for taking of deposition is denied.

The motion for discovery is granted.