Josephine A. ST. CLAIR, as Executrix of
the Estate of Harold W. St. Clair,
Deceased, Plaintiff,

v.

EASTERN AIR LINES, Inc., Defendant.

Josephine A. ST. CLAIR, as Executrix of
the Estate of Harold W. St. Clair,
Deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

United States District Court
S. D. New York.

Feb. 19, 1958.

Powers Kaplan & Berger, New York
City, for plaintiff. David A. Ticktin,
New York City, of counsel.

Bigham, Englar, Jones & Houston,
New York City, for defendant Eastern
Air Lines, Inc. P. G. Pennoyer, Jr., New
York City, of counsel.

SUGARMAN, District Judge.

Plaintiff moves to vacate two notices
of deposition served by defendant East-
ern Air Lines, Inc.

In brief, the plaintiff claims that the
proposed pretrial examinations of the
Sun Ray Park Health Resort and Dr.
Donald E. Fortner is "in violation of the
right of preservation of a confidential
communication between patient and
doctor and the hospital."

[1] Inasmuch as the subject matter
of the proposed depositions is undisclos-
ed [1] except that defendant seeks to learn
if "deceased had, in the year of his death
and for some time before, been an alco-
holic, had been treated for chronic alco-
holism, and had been admitted to the Sun
Ray Park Sanitarium," what merit there
is in these contentions should be decided
at the examination where it will first ap-
pear whether the examination touches
upon information within the asserted
privilege, not in advance thereof.[2]

The court finds no merit in plain-
tiff's further contention that the notices
are served on the eve of trial and are
therefore served only for delay. The pa-
pers on this motion show that the mat-

---

1. Feldmann v. Connecticut Mut. Life Ins.
Co., D.C.E.D.Mo.1944, 57 F.Supp. 70.

2. 4 Moore's Fed.Prac. (2d ed.) par. 30.09,
p. 2031; Continental Distilling Corp. v.
Humphrey, D.C.1955, 17 F.R.D. 237.

ters defendant Eastern Air Lines, Inc. seeks to explore on these depositions were only recently brought to its attention.

■ Plaintiff further claims that the notice of examination of Philip Stoller should be vacated because he has already given a deposition in these actions. This does not per se entitle plaintiff to vacatur of the notice.

It appears that defendant Eastern Air Lines, Inc. intends to question Mr. Stoller, a former employer of the decedent, regarding the latter's alleged alcoholism, a subject previously unhinted at in the case and not the subject of Mr. Stoller's cross-examination by defendant when plaintiff took his deposition.

Since the basis for defendant's suspicions was only recently disclosed to it, and the importance of this inquiry being obvious, there is no reason why the defendant Eastern Air Lines, Inc. should not take the depositions sought by its notices.

Settle an order.