Joseph F. LESS, Plaintiff,

v.

TABER INSTRUMENT CORPORATION, a New York corporation, et al., Defendants.

Civ. No. 1967-182.

United States District Court, W. D. New York.

Oct. 12, 1971.

---

Heffernan, Sweet & Murphy, Buffalo, N. Y. (David L. Sweet, Buffalo, N. Y., of counsel), for plaintiff.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y. (Robert B. Conklin, Buffalo, N. Y., of counsel), for non-party witness, Teledyne, Inc.

CURTIN, District Judge.

Teledyne, Inc., a non-party foreign corporation concededly doing business in this judicial district, was properly served by plaintiff with a subpoena commanding it to appear in this district for examination through "Henry E. Singleton, Chairman and Chief Executive Officer and * * * Edmund M. Kaufman, Assistant Secretary." Kaufman is no longer employed by Teledyne, and plaintiff concedes that his presence may not be compelled. Singleton, who is presently Chairman of Teledyne's Board of Directors and based at its Los Angeles, California, headquarters, was not personally served with a subpoena. The questions before the court are whether Singleton, a non-party director of a non-party corporation, may be required to submit to examination and, if so, shall he be so required and under what conditions.

Under the present discovery provisions of the Federal Rules of Civil Procedure, the deposition of·a corporate party may be taken from a director named in the notice given to the corporation. The director need not be personally subpoenaed, and the corporation must produce him or risk the imposition of sanctions under Rule 37(d). See Advisory Committee's Note to Rule 37(d), Fed.R.Civ.P., 48 F.R.D. at 542, explicitly overruling the rule and rationale of Campbell v. General Motors Corp., 13 F.

R.D. 331 (S.D.N.Y.1952). Teledyne argues that a different rule should apply to the director of a non-party corporation.

Teledyne's citation of Elder-Beerman Stores Corp. v. Federated Department Stores, Inc., 45 F.R.D. 515 (S. D.N.Y.1968), does not support its contention that a non-party corporation may not be required to produce a director for examination. The task before Judge Mansfield in that case was not one of defining judicial power but of developing a principle to govern the proper exercise of that power, and he concluded that "[n]o policy considerations compel the conclusion that a corporation with only minimal contacts in this district should be compelled to appear for a pretrial deposition as a non-party witness in a civil case which does not in any way relate to this district." 45 F.R.D. at 518. Judge Mansfield was disturbed that for the mere convenience of counsel a corporate witness from one state was called to a second state for discovery in a case pending in still a third state. Yet he made it clear that by doing business in a particular judicial district, a corporation submits itself fully to the jurisdiction of the court of the district: "A foreign corporation doing business in a district is subject to all process, including subpoena, in the district, and if documents are required in response to a subpoena, the court has the power to order their production even though they are physically located outside of the jurisdiction." 45 F.R.D. at 516. Far from suggesting that under no circumstances may a subpoenaed non-party corporation be required to produce an individual director named for examination, *Elder-Beerman* emphasized the great discretion available to the court in supervising discovery under the Rules.

The Rules do not suggest that a different principle applies to discovery from a party corporation than applies to discovery from a non-party corpora-

tion. Rule 30(a), which governs the taking of depositions upon oral examination, does not distinguish between parties and non-parties; it simply provides that "any party may take the testimony of *any person, including a party*, by deposition upon oral examination." Fed.R.Civ.P. 30(a) (emphasis added). The provision that "[t]he attendance of witnesses may be compelled by subpoena as provided in Rule 45," Fed.R.Civ.P. 30(a), also connotes no operative distinction between parties and non-parties. The provision is merely intended to assure that the non-party whose testimony is sought submits to examination. There is no necessity for requiring service of a subpoena upon a party since adequate sanctions are provided in Rule 37 in the event that the party fails to respond to a notice to take a deposition.

Having determined that Singleton may be required to appear and to testify in this proceeding, the questions remain, shall this be done and, if so, under what conditions. Under Rule 26(c), this court may issue a broad range of protective orders in discovery proceedings. A claim that Mr. Singleton has no knowledge of any relevant facts should not be allowed to prevent his examination, since plaintiff is entitled to test his lack of knowledge. See Transcontinental Motors, Inc. v. NSU Motorenwerke Aktiengesellschaft, 45 F.R.D. 37 (S.D.N.Y. 1968). Likewise, the fact that Mr. Singleton is a very busy executive should not bar his examination. See Frasier v. Twentieth Century-Fox Film Corp., 22 F.R.D. 194 (D.Neb.1958). No showing of extraordinary abuse of the discovery process has been made in this case, as in Elder-Beerman Stores Corp. v. Federated Department Stores, Inc., *supra*, and therefore discovery should not be foreclosed.

But a non-party witness, even more than a party, must be protected against undue burden and expense. See Elder-Beerman Stores Corp. v. Federated Department Stores, Inc., *supra*; Ings v. Ferguson, 282 F.2d 149 (2d Cir. 1960). Therefore, the court does not choose to depart from the ordinary rules that a mere witness will not be required to leave his residence and business and travel great distances for the convenience of the parties, see 4 J. Moore, Federal Practice, ¶ 26.70 [1.1], at 26–508 (2d ed. 1970), and that the deposition of a corporation should be taken at its principal place of business. See *id.* ¶ 26.70 [1.4].

It is therefore the order of this court that the deposition upon oral examination of Henry E. Singleton be taken at the principal place of business of Teledyne, Inc., at a time and date to be arranged by the parties and the witness. Plaintiff is not precluded by this order from utilizing another method of discovery, such as written interrogatories, as a substitute for or preliminary to the taking of the deposition.

So ordered.