Rodell PERRY, Plaintiff,

v.

The KELLY–SPRINGFIELD TIRE CO., INC., et al., Defendants.

Civ. No. H 87–280.

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 21, 1987.

David H. Greenstein, Sheldon Hodes & Assoc., Chicago, Ill., John Hovanec, Lake Station, Ind., for plaintiff.

Thomas Neuckranz, Thomas Haynes, Jeffrey Lipe, Williams & Montgomery, Chicago, Ill., Joseph Stalmack, Galvin, Stalmack, Kirschner & Clark, Hammond, Ind., Terence M. Austgen, Singleton, Levy & Crist, Highland, Ind., for defendants.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion to Compel Plaintiff for Deposition filed by the defendant, Theodore Schilling d/b/a Schilling Tire Service (hereafter Schilling), on September 25, 1987. For the reasons set forth below, the Motion is GRANTED IN PART.

On March 27, 1986, the plaintiff, Rodell Perry (hereafter Perry), filed a complaint against The Kelly–Springfield Tire Company, Inc. (hereafter Kelly–Springfield). The complaint sought compensation for the personal injuries which Perry received in a traffic accident which occurred on February 28, 1986. Perry alleged that he was driving his truck when one of the tires manufactured by Kelly–Springfield sustained a blowout causing him to lose control of the truck. After the completion of some discovery, Perry filed an Amended Complaint on January 26, 1987, adding Schilling as a party defendant. Perry alleged that Schilling sold and installed the tire which blew out and caused the accident.

On November 26, 1986, counsel for Kelly–Springfield took the deposition of Perry. Since that deposition was taken prior to the filing of the Amended Complaint, no one appeared on behalf of Schilling. Counsel for Schilling scheduled another deposition of Perry for September 16, 1987. When Perry refused to appear for a second deposition, the Motion to Compel was filed.

■ Perry has claimed that since he submitted to one deposition concerning the accident he is not required to submit to a second deposition taken by Schilling. Although this matter is at issue on the Motion to Compel filed by Schilling rather than a Motion for a Protective Order filed by Perry, Federal Rule of Civil Procedure 26(c) is applicable and provides:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had ...

■ Like most discovery disputes, the availability of a second deposition is left to the discretion of the trial court. The party opposing the deposition must demonstrate "good cause" for a protective order. In the instant case, Perry has maintained that a second deposition is an "annoyance" or an "undue burden," but he has failed to demonstrate in what respect.

It is even more difficult to show grounds for ordering that discovery not be had when it is a deposition that is sought, and most requests of this kind are denied. Since the notice for taking a deposition is not required to specify the subject matter of the examination, the need for protection usually cannot be determined before the examination begins, and the moving party can be adequately protected by making a motion under Rule 30(d) if any need for protection appears during the course of the examination.

Reasons that have been advanced for an order that a deposition not be taken, and that have been disposed of by the court—and usually denied—on the facts of the particular case are: that the information sought has already been obtained by prior depositions or other means of discovery ... (footnotes omitted)

Wright & Miller, *8 Federal Practice and Procedure,* Section 2037, pp. 272–73

*See generally, St. Clair v. Eastern Airlines, Inc.,* 21 F.R.D. 330, 331 (S.D.N.Y. 1958); and *Welty v. Clute,* 1 F.R.D. 446, 447 (W.D.N.Y.1940).

Although Schilling has the right to take the deposition of Perry, there is no logical reason why Schilling should duplicate the same material covered at the first deposition. Therefore, the second deposition will be limited to those areas not covered in the first deposition.

For the foregoing reasons, the Motion to Compel Plaintiff for Deposition is GRANTED IN PART. The second deposition of the plaintiff shall be limited to those areas not covered during the initial deposition.