**Elaine L. TRAMM, Plaintiff,**

**v.**

**PORTER MEMORIAL HOSPITAL, Warren H. Canright, James J. Crandall, Roger K. Claudon, Eugene E. Kopczak, Suzanne Perkins, Chen T. Sun, Leonard A. Troman, as all of the Members of the Board of Trustees of Porter Memorial Hospital, Arthur S. Malasto, Individually and as Administrator of Porter Memorial Hospital, Donald Wadle, Individually and as Assistant Administrator of Porter Memorial Hospital, James Pingatore, Individually and as Personnel Director of Porter Memorial Hospital, Isobel Cardona, Leslie O'Toole, and Marlene Haller, Defendants.**

**Civ. No. H 87–355.**

United States District Court, N.D. Indiana, Hammond Division.

Dec. 22, 1989.

Thomas Appel, Appel & Appel, Ltd., Lansing, Ill., for plaintiff.

Jon Schmoll, Robert Dignam, Spangler, Jennings & Dougherty, Merrillville, Ind., for defendants.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

On October 5, 1989, the defendants filed a series of Petitions for Court Order for Release of Records seeking an order compelling the production of medical records in the possession of Southlake Center for Mental Health, Inc., Wabash Valley Hospital–Mental Health Center, Dr. Jeffrey McGuire, and Porter Starke Services, Inc. Also pending are a Motion for Protective Order filed by the plaintiff on October 30, 1989 and a Motion for Sanctions filed by the defendants on October 30, 1989. For the reasons set forth below, the Petitions for Release of Records are GRANTED; the Motion for Protective Order is DENIED; and the Motion for Sanctions is GRANTED IN PART.

### Background

In December, 1986, the plaintiff was hired by the defendant, Porter Memorial Hospital, to clean surgical instruments used during an operation. During her probationary training period, the plaintiff determined that her duties would entail cleaning surgical instruments which had been used to perform an abortion. Since the plaintiff was opposed to abortion for religious and moral reasons, she notified hospital administrators that she would not clean the instruments after an abortion. After a series of meetings which failed to resolve the dispute, the plaintiff was notified that if she did not perform her assigned duties she would be terminated. The plaintiff was terminated after working at the hospital for only two weeks.

### Motions for Release of Medical Records

In the Second Amended Complaint filed on May 23, 1988, the plaintiff has alleged that Porter Memorial Hospital, a county hospital, violated her First Amendment rights, 42 U.S.C. § 1983, discriminated against her because of her religious beliefs, 42 U.S.C. § 2000e (Title VII), and violated her rights under the Indiana Conscience Clause, I.C. 16–10–3–2. In addition to seeking equitable relief, the plaintiff also is seeking compensatory and punitive damages. The Second Amended Complaint also includes a pendent state law claim alleging an intentional infliction of emotional distress. In particular, the plaintiff has alleged:

As a result of the outrageous conduct of the defendants, Tramm suffered severe mental distress and anguish, depression, humiliation, insult, and apprehension.

Count VII, Rhetorical Paragraph 53

The plaintiff has refused to provide the defendants with access to her records relating to treatment for previous mental health problems. Since the plaintiff has placed her mental and emotional condition in issue, the defendants are entitled to any medical records concerning previous mental health counseling received by the plaintiff. *See generally Anson v. Fickel*, 110 F.R.D. 184, 186 (N.D.Ind.1986).

### Motions for Protective Order and Sanctions

■ On May 11, 1989, the deposition of the plaintiff was taken by the defendants' first attorney. Shortly after taking the deposition, the attorney left the law firm, and the defendants' current attorney was assigned to handle the case on behalf of the law firm. After a review of the file and some recent discovery materials, the defendants' new attorney scheduled a second deposition of the plaintiff. Rather than appearing at the deposition, the plaintiff filed the Motion for Protective Order.

Federal Rule of Civil Procedure 26(c) is applicable and provides:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; ... (4) that certain matters not be inquired into, or that the scope of discovery be limited to certain matters ...

■ Like most discovery disputes, the availability of a second deposition is left to the discretion of the trial court. The party opposing the deposition must demonstrate "good cause" for a protective order. *Perry v. Kelly–Springfield Tire Company, Inc.*, 117 F.R.D. 425, 426 (N.D.Ind.1987). In the instant case, the plaintiff has maintained that a second deposition would be an

"undue expense and hardship" and would "annoy and embarrass" her. However, the plaintiff has failed to demonstrate the basis for those concerns.

It is even more difficult to show grounds for ordering that discovery not be had when it is a deposition that is sought, and most requests of this kind are denied. Since the notice for taking a deposition is not required to specify the subject matter of the examination, the need for protection usually cannot be determined before the examination begins, and the moving party can be adequately protected by making a motion under Rule 30(d) if any need for protection appears during the course of the examination.

Reasons that have been advanced for an order that a deposition not be taken, and that have been disposed of by the court—and usually denied—on the facts of the particular case are: that the information sought has already been obtained by prior depositions or other means of discovery ... (footnotes omitted)

Wright and Miller 8 *Federal Practice and Procedure*, Section 2037 pp. 272–73 *See generally St. Clair v. Eastern Airlines, Inc.*, 21 F.R.D. 330, 331 (S.D.N.Y. 1958); and *Welty v. Clute*, 1 F.R.D. 446, 447 (W.D.N.Y.1940).

Although the defendants will be permitted to take a second deposition of the plaintiff, there is no logical reason why the defendants' new attorney should duplicate the same material covered at the first deposition. Therefore, the second deposition must be limited to those areas not covered in the first deposition.

---

For the foregoing reasons, the Petitions for Court Order for Release of Records filed by the defendants on October 5, 1989 are GRANTED. The Southlake Center for Mental Health, Inc., Wabash Valley Hospital–Mental Health Center, Dr. Jeffery McGuire, and Porter Starke Services, Inc., are ORDERED to provide the defendants' attorney, Jon F. Schmoll, with copies of any and all medical records pertaining to the treatment of the plaintiff, Elaine L.

Tramm. The defendants shall be responsible for paying a reasonable cost for copying the medical records.

The Motion for Protective Order filed by the plaintiff is DENIED. The Motion for Sanctions filed by the defendant is GRANTED IN PART. The second deposition of the plaintiff shall be limited to those areas not covered during the initial deposition.