Johnnie JONES, Plaintiff,

v.

STATE FARM FIRE & CASUALTY
CO., Defendant.

Civ. No. H 89–187.

United States District Court,
N.D. Indiana,
Hammond Division.

Jan. 2, 1990.

R. Cordell Funk, Hammond, Ind., for plaintiff.

Albert C. Hand, Highland, Ind., for defendant.

ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion to Quash the Deposition of Plaintiff filed by the plaintiff, Johnnie Jones, on October 18, 1989. For the reasons set forth below, the Motion is DENIED.

On April 24, 1988, a fire occurred at the plaintiff's residence causing damage to both the building and its contents. At the time of the fire, the defendant, State Farm Fire & Casualty Company, had issued a policy protecting both the building and its contents. When State Farm denied the claim, the plaintiff filed this lawsuit seeking both actual and punitive damages.

On May 23, 1988, the plaintiff gave a recorded statement to a State Farm claims representative. That statement subsequently was transcribed and totaled 61 pages. On November 30, 1988, the plaintiff submitted to an examination under oath as required by the insurance policy. That examination was conducted by State Farm's attorney, Albert C. Hand, and was transcribed by a court reporter. That examination totaled 106 pages. After the lawsuit was filed, State Farm scheduled a deposition of the plaintiff. The Motion to Quash alleges that a deposition would be unduly burdensome since the plaintiff already has submitted to two separate examinations totaling 167 pages.

Federal Rule of Civil Procedure 26(c) is applicable and provides:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; ... (4) that certain matters not be inquired into, or that the scope of discovery be limited to certain matters ...

Only one reported case has discussed the propriety of a deposition after the insured had provided an examination under oath to his insurance company. In *Kamin v. Central States Fire Insurance Company*, 22 F.R.D. 220 (E.D.N.Y.1958), the district court required the plaintiff to attend a deposition even though he had submitted to an examination under oath prior to trial. Re-

lying on Rule 26, the district court concluded that a prior examination under oath did not establish "good cause" for a protective order against the deposition. 22 F.R.D. at 220.

Even though the examination under oath may have been tantamount to a deposition, a party may be required to submit to a second deposition under appropriate circumstances. In the instant case, the plaintiff has maintained that a second deposition would be "unreasonably cumulative" and would amount to a hardship. However, the plaintiff has failed to demonstrate the basis for those concerns.

> It is even more difficult to show grounds for ordering that discovery not be had when it is a deposition that is sought, and most requests of this kind are denied. Since the notice for taking a deposition is not required to specify the subject matter of the examination, the need for protection usually cannot be determined before the examination begins, and the moving party can be adequately protected by making a motion under Rule 30(d) if any need for protection appears during the course of the examination.
>
> Reasons that have been advanced for an order that a deposition not be taken, and that have been disposed of by the court—and usually denied—on the facts of the particular case are: that the information sought has already been obtained by prior depositions or other means of discovery ... (footnotes omitted)
>
> Wright and Miller, 8 *Federal Practice and Procedure*, § 2037 pp. 272–73

*See generally Perry v. Kelly–Springfield Tire Company, Inc.*, 117 F.R.D. 425, 426 (N.D.Ind.1987); *St. Clair v. Eastern Airlines, Inc.*, 21 F.R.D. 330, 331 (S.D.N.Y. 1958); and *Welty v. Clute*, 1 F.R.D. 446, 447 (W.D.N.Y.1940).

Both sides have engaged in extensive trial preparations since the examination under oath was taken over one year ago. Undoubtedly State Farm now has information which was not available at the time of the examination under oath. Although State Farm will be permitted to take the deposition of the plaintiff, there is no logical reason why that deposition should duplicate the material covered by the examination under oath or the statement taken by the claims adjustor. Therefore, the deposition must be limited to those areas not covered in the previous two statements.

———

For the foregoing reasons, the Motion to Quash the Deposition of Plaintiff filed on October 18, 1989, is DENIED. The deposition of the plaintiff shall be limited to those areas not covered during the two statements previously given to State Farm representatives.