Robert E. DEINES, Plaintiff,

v.

VERMEER MANUFACTURING COM-
PANY and Liberty Mutual
Insurance Company, Defendants.

Civ. A. No. 88–2052–0.

United States District Court,
D. Kansas.

Oct. 26, 1990.

Gene E. Schroer, Schroer, Rice, P.A., Topeka, Kan. and Aylward, Svaty & Sherman, Ellsworth, Kan., for plaintiff.

Keith Martin, Payne & Jones and Richard T. Merker, Wallace, Saunders, Austin, Brown and Enochs, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on two motions. Defendant Vermeer Manufacturing Company (hereinafter "Vermeer Manufacturing") moves pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure for a protective order. Vermeer requests that the court enter an order that the deposition of Stewart Kanis, M.D., (hereinafter "Dr. Kanis") not be taken in this case. Plaintiff Robert E. Deines (here-

inafter "Deines") moves for leave of court to depose Gary Vermeer (hereinafter "Vermeer"). Defendant Liberty Mutual Insurance Company (hereinafter "Liberty Mutual") opposes Vermeer Manufacturing's motion for a protective order and concurs in Deines' motion for leave to depose Vermeer. For the reasons stated below, we will deny the motion of defendant Vermeer Manufacturing for a protective order and grant plaintiff's motion for leave of court to depose Vermeer.

## I. STATEMENT OF FACTS

This is a products liability case. Plaintiff was injured while operating a Vermeer 605C hay baler. The 605C hay baler was invented and designed by Vermeer. Liberty Mutual contends that Vermeer has more knowledge than any other person concerning the numerous lawsuits filed against Vermeer Manufacturing for like or similar injuries suffered by operators of defendant's hay balers. Until his recent retirement, Vermeer served as an officer and member of the board of directors of Vermeer Manufacturing. He had been an officer since the early 1970's, the time at which the 605 line of hay balers was developed and manufactured. He currently remains a member of Vermeer's board of directors.

Vermeer Manufacturing has advised plaintiff that Vermeer will not be available to testify at trial or at deposition due to Vermeer's medical condition. Counsel for Vermeer Manufacturing provided Deines with a letter from Vermeer's treating physician, Dr. Kanis, which states:

Mr. Vermeer has asked me, as his family physician, to underscore the importance of him not being asked in the future to be involved in giving depositions. He states that on 20–25 occasions he has been asked to give depositions on situations that have occurred months and years before. He is unable to recall past events as accurately as he would like to and this frustrates him. It also makes

him anxious during the daytime and unable to sleep at night ... I feel this is injurious to his health and strongly recommend that he no longer be asked to be involved in giving depositions.

Deines has moved to depose Dr. Kanis in order to determine whether Vermeer is fit to testify at trial or by deposition. Vermeer has requested that the court enter a protective order to prevent plaintiff from deposing Dr. Kanis.

In addition to opposing the protective order, Deines and Liberty Mutual have asked leave of court to depose Vermeer. Vermeer has been deposed on one other occasion, but this deposition was taken only for discovery purposes. Liberty Mutual insists that there was no indication that Vermeer would not be available for trial at the time of that deposition, and assures the court that Vermeer would have been cross-examined extensively on numerous, inconsistent statements made in other depositions and trial transcripts if it had been aware that Vermeer would resist testifying in the case at bar. Liberty Mutual contends that it would not be afforded a fair trial and the jury would not be provided with relevant and material evidence unless Dr. Kanis and Gary Vermeer are deposed.

## II. STANDARD FOR ISSUANCE OF PROTECTIVE ORDER

■ Rule 26(c) provides that any party to an action, or any person to be examined, may move for a protective order. Fed.R. Civ.P. 26(c).[1] All motions for protective orders must be supported by "good cause," and a strong showing is required before a party will be denied the right to take a deposition. 4 *Moore's Federal Practice* ¶ 26.69 (J. Moore, J. Lucas & G. Grotheer 2d ed. 1989); *see, e.g., Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir.1985), *cert. denied,* 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986) (party from whom discovery is sought has burden of showing

1. Rule 26(c) of the Federal Rules of Civil Procedure provides in pertinent part as follows:
    (c) **Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the

court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...

"good cause" for protective order); *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D.Okla.1978) (movant has burden of showing "good cause" for protective order).

"Good cause," within the meaning of Rule 26(c), contemplates a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 2201 n. 16, 68 L.Ed.2d 693 (1981) (quoting 8 *Federal Practice and Procedure* § 2035 (C. Wright & A. Miller 1970)); *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); *see also White v. Wirtz*, 402 F.2d 145, 148 (10th Cir.1968) (trial court may in its discretion deny motion for protective order if written objections not plain and specific). In view of the general philosophy of full discovery of relevant facts and the broad statement of scope in Rule 26, and in view of the power of the court under Rules 26(c) and 30(d),[2] it is rare that a court will order that a deposition not be taken at all. 4 *Moore's Federal Practice* at ¶ 26.69.

## III.  DEFENDANT'S MOTION FOR PROTECTIVE ORDER

█ Vermeer Manufacturing argues that any testimony of Dr. Kanis regarding the health of Gary Vermeer would be irrelevant and, therefore, seeks a protective order preventing plaintiff and the remaining defendant from deposing Vermeer's treating physician, Dr. Kanis.[3] At Vermeer's request, Dr. Kanis "strongly" recommended that his patient not be deposed because Vermeer would become "frustrated" and "anxious" when required to testify. We believe that the proposed deposition of Dr. Kanis is relevant and material to Deines' cause of action against Vermeer Manufacturing.[4] Since Liberty Mutual and Deines seek to depose Vermeer and request that he testify at trial, Vermeer's medical condition is at issue. Dr. Kanis' general, conclusory statements are insufficient to meet Vermeer Manufacturing's heavy burden of showing good cause for a protective order. We note that there is absolutely no indication that Deines or Liberty Mutual is attempting to annoy, embarrass, harass, or oppress Dr. Kanis. Further, there is no sign that the deposition of Dr. Kanis would be unduly burdensome. We will deny defendant's motion for a protective order.

## IV.  PLAINTIFF'S MOTION FOR LEAVE OF COURT TO DEPOSE VERMEER

█ Deines has moved for leave of court to depose Gary Vermeer. Counsel for Liberty Mutual also urges the court to permit the deposition of Vermeer.[5] Vermeer was previously deposed on October 11, 1988. The fact that a person has already been deposed, however, does not per se entitle a party to a protective order. *St. Clair v. E. Airlines, Inc.*, 21 F.R.D. 330,

---

**2.** Under Rules 26(c), and 30(d), the court exercises broad discretion to manage the discovery process in a fashion that will implement the philosophy of full disclosure of relevant information and at the same time afford the participants the maximum protection against harmful side effects. 4 *Moore's Federal Practice* ¶ 26.67 (J. Moore, J. Lucas & G. Grotheer 2d ed. 1989) (citing *In re Coordinated Pretrial Proceedings*, 669 F.2d 620 (10th Cir.1982)).

**3.** We note that defendant Vermeer Manufacturing is not merely requesting a short stay in the taking of a deposition. *Cf. Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C.1988). Defendant is requesting that the court take more drastic action and bar Deines and Liberty Mutual from deposing Dr. Kanis at any time.

**4.** *Cf. Cox v. Fennelly*, 40 F.R.D. 1, 2 (S.D.N.Y. 1966) (deposition of examining physician not allowed where report of physician's examination furnished pursuant to Rule 35).

**5.** Gary Vermeer is within the deposition subpoena power of the court. The court may require Vermeer to attend his deposition pursuant to Rule 45 of the Federal Rules of Civil Procedure. Rule 45(d)(2) states that a "person to whom a subpoena for the taking of a deposition is directed may be required to attend at any place within 100 miles from the place where the person resides, is employed or transacts business in person, or is served, or at such other convenient place as is fixed by an order of the court." Fed.R.Civ.P. 45(d)(2).

331 (S.D.N.Y.1958). Plaintiff contends that Vermeer's prior testimony will be of no value at trial except for limited impeachment purposes. Deines adds that his attorney would have examined Vermeer in much more detail and on many more matters had he known that Vermeer would not be willing to testify at trial.

Plaintiff states that additional deposition testimony from Vermeer is critical to the outcome of this case for the following reasons:

. Gary Vermeer has personal knowledge of facts relevant to this case, and in fact is the individual with the greatest knowledge of the development of the 605 line of hay balers. Mr. Vermeer is the founder of Vermeer [Manufacturing] and has been an employee of Vermeer [Manufacturing] for over 30 years. [He] is the inventor and designer of the hay baler which is the subject of this action. In addition, Mr. Vermeer is a member of Vermeer [Manufacturing]'s board of directors; and also served as a corporate officer until his recent retirement. Consequently, Mr. Vermeer's testimony is clearly relevant and of tremendous import to plaintiff's claims against Vermeer [Manufacturing] ...

Defendant Liberty Mutual likewise maintains that Vermeer knows facts material to the issues in this lawsuit.

■ Deines claims that Vermeer may be deposed because he is a member of Vermeer Manufacturing's board of directors. Under the discovery provisions of the Federal Rules of Civil Procedure, the deposition of a corporate party may be taken of a director named in the notice given to the corporation. *GTE Prod. Corp. v. GEE,* 115 F.R.D. 67, 68 (D.Mass.1987); *Less v. Taber Instrument Corp.,* 53 F.R.D. 645, 646 (W.D.N.Y.1971). The director need not be personally subpoenaed, and the corporation must produce the director or risk the imposition of sanctions under Rule 37. *Less v. Taber Instrument Corp.,* 53 F.R.D. at 646; *see also* Advisory Committee's Note to Rule 37(d), Fed.R.Civ.P., 48 F.R.D. at 542.

Vermeer Manufacturing insists that its founder, Gary Vermeer, should not be forced to attend a second deposition in light of his age and health, as described by Vermeer's family physician. In another case where a party claimed her health might be impaired by a deposition, the district court judge held:

> [T]he Court may not abdicate its responsibility by unquestioningly accepting a doctor's summary opinions. The opposing party has the right for itself and on behalf of the Court to examine the matter in more detail ... The court finds that the brief and conclusory doctor's certificate is not sufficient to obtain a blanket ninety-day protective order against her deposition.

*Medlin v. Andrew,* 113 F.R.D. 650, 653 (M.D.N.C.1987). In *Haviland & Co. v. Montgomery Ward & Co.,* 31 F.R.D. 578 (S.D.N.Y.1962), a physician submitted an affidavit stating that a proposed witness could not "make an appearance" at a deposition due to the witness' heart condition. After giving full weight to the physician's medical judgment, the court concluded that the proposed witness "would be able, without impairment to his health, to testify for limited periods each day at his home or some other convenient place." *Id.* at 579–80.

Vermeer played an important role in the design and manufacture of the hay baler which plaintiff claims to be defective. Vermeer Manufacturing has failed to provide the court with a specific and documented factual showing of medical reasons which explain why Vermeer cannot again be deposed. We will therefore grant plaintiff's motion for leave of court to depose Vermeer. The deposition, however, should be taken in such a manner that permits Vermeer to have short recesses whenever anxiety or frustration affects his ability to respond to counsel's inquiries.

IT IS THEREFORE ORDERED that the motion of defendant Vermeer Manufacturing for a protective order (Doc. # 85) is hereby denied.

IT IS FURTHER ORDERED that plaintiff's motion for leave of court to depose Gary Vermeer (Doc. # 87) is granted.