Charles CHRISTY

v.

**PENNSYLVANIA TURNPIKE COMMISSION, et al.**

**Civ. A. No. 93–3346.**

United States District Court, E.D. Pennsylvania.

Jan. 31, 1995.

**52**

Imogene Hughes, John P. Hickey, Kleinbard, Bell & Brecker, Philadelphia, PA, Joseph F. Lawless, Jr., Newtown Square, PA, for plaintiff Christy.

Michael M. Baylson, Duane, Morris & Heckscher, Philadelphia, PA, for all defendants except Boschi.

Lisa G. DiPietro, David S. Fortney, Reed, Smith, Shaw & McClay, Philadelphia, PA, for defendant John Boschi, Individually and as Deputy Executive Director–Maintenance of PA Turnpike Com'n.

## MEMORANDUM

JOYNER, District Judge.

Today we resolve Plaintiff's Motion for a Protective Order. This is the most recent discovery dispute in a case that has already spawned more than ten discovery rulings, usually requests for Protective Orders. Christy requests (1) that defendants be prohibited from taking his deposition for a second time, (2) defendants be prohibited from giving instructions to witnesses prior to depositions and (3) an order compelling witnesses' attendance at depositions.

### 1. CHRISTY'S SECOND DEPOSITION

Christy was deposed by defendants on November 8, 1993. In mid–1994 he filed a Second Amended Complaint which added several new parties and new allegations. In September, 1994, defendants notified Christy that they intended to notice a second deposition and on November 18, 1994, noticed the deposition for January 3, 1995. Christy opposes this second deposition and filed this motion for a protective order on December 30, 1994.

Christy argues that the defendants have violated Federal Rule of Civil Procedure 30(a)(2)(B) by not seeking leave of this Court to redepose him. He argues that Federal

Rule of Civil Procedure 26(b)(2) supports his request for a protective order because a second deposition would be cumulative, any desired information can be gathered by other means, and it would be unduly burdensome to Christy to appear a second time. He does not cite any case law to support his position.

Defendants argue that Christy has not met his burden of showing good cause to support a request for a protective order under Rule 26(b). They cite *Deines v. Vermeer Mfg.,* 133 F.R.D. 46, 47 (D.Kan.1990) for the proposition that "a strong showing is required before a party will be denied the right to take a deposition," and also for the holding that a second deposition of a witness is permitted. *Id.* at 49.

We find that Christy has not presented this Court with evidence to suggest that he should receive Rule 26(b)(2) protections from a second deposition. He has asserted no particular harm or burden, nor demonstrated how a second deposition would be cumulative. He likewise does not explain how the newly-added defendants will not be prejudiced if they are not able to depose him.

Several courts faced with similar situations have granted a party the right to take a second deposition, but have limited that deposition to matters not addressed in the first deposition. *Perry v. Kelly–Springfield Tire Co.,* 117 F.R.D. 425, 426 (N.D.Ind.1987) (newly added defendant has right to take deposition of plaintiff, but "no logical reason why [defendant] should duplicate the same material covered at the first deposition. Therefore, the second deposition will be limited to those areas not covered in the first deposition"); *Tramm v. Porter Mem. Hosp.,* 128 F.R.D. 666, 668 (N.D.Ind.1989) (substituted lawyer may retake deposition on uncovered areas).

We find that, given Christy's failure to show good cause for a protective order under Rule 26(b)(2), defendants may notice Christy for a second deposition, but that the deposition shall be limited to areas not covered in the first deposition.

## 2. WITNESS INSTRUCTIONS

Christy's request for a protective order on this point has two elements. Both stem from allegations that defense counsel instructed their witnesses:

(i) Don't answer unless you know it for a fact;

(ii) Don't speculate; and

(iii) Hearsay is not a fact.

First, Christy argues that a protective order is needed that will prohibit defendants from instructing witnesses prior to depositions. Second, he asserts that defense counsel should be prevented from improperly instructing their witnesses to not answer questions regarding any pre-deposition instructions.

 On the first point, Christy states that "it is improper for defense counsel to instruct a witness to limit his or her testimony either during *or prior to* a deposition." (emphasis in original). In support of this argument Christy cites *Hall v. Clifton Precision,* 150 F.R.D. 525 (E.D.Pa.1993). This case, which was adopted in this litigation, provides guidelines to litigants conducting depositions. It severely restricts the communications that can take place between witnesses and their counsel during a deposition, but does not limit in any way communications between witnesses and counsel prior to depositions. Accordingly, *Hall* does not support Christy's argument that counsel may not properly prepare witnesses for deposition.

In fact, *Hall* expressly states that a lawyer has an ethical duty to prepare a witness under Pennsylvania Rule of Professional Conduct 1.1. *Id.* at 528 & n. 4. Apart from *Hall,* Christy does not cite, nor do we find, any authority to support his request. Accordingly, we do not grant a protective order that would limit the otherwise proper preparation of a witness for a deposition.[1]

---

**1.** Defendants agree with Christy that the alleged instructions would be improper. Christy, however, attaches an affidavit to his motion wherein he avers that several witnesses told him that they were instructed by defense counsel to not specu-

late, not answer questions they did not know for a fact and that hearsay was not fact.

Attach to defendant's opposition brief are two affidavits from people named in Christy's affidavit. The first witness avers that Christy never

■ We turn now to the second issue, whether defense counsel appropriately instructed witnesses not to answer certain questions on the grounds of attorney/client privilege. Christy attaches to his motion an excerpt from Frank Dunn's deposition wherein Christy's counsel asked the following questions:

1. "Were you instructed not to speculate during this deposition by anyone?"

2. "Were you instructed not to provide any information unless you knew it for a fact?"

3. "Were you told not to discuss hearsay statements, i.e., statements made to you by others or conversations you may have overheard?"

Christy asserts, without support, that these questions do not seek privileged information, and therefore should have been answered.

To each of the above questions, Mr. Dunn's counsel instructed Dunn not to answer and asserted the attorney/client privilege. Mr. Dunn's counsel, however, also encouraged Christy's counsel to rephrase the questions to exclude attorney/client communications.

We find that these questions seek privileged communications and therefore, Dunn was properly instructed not to answer them. See Delco Wire & Cable, Inc. v. Weinberger, 109 F.R.D. 680, 691–92 (E.D.Pa.1986). Hall expressly exempts objections based on privilege from its general prohibition against objections at a deposition. 150 F.R.D. at 529 ("the assertion of a privilege is a proper, and very important, objection during a deposition").

Accordingly, we deny this request for a protective order.

### 3. ATTENDANCE AT DEPOSITIONS

■ Christy asserts that defense counsel have indicated "that they may not produce defendants for depositions in January, 1995 and reserved their right to move for a protective order where defense counsel believes

the right of a defendant to qualified immunity should be asserted." He argues that this Court should issue an order compelling defendants to produce witnesses at depositions based on this assertion.

According to defendants, and not contradicted by Christy, no depositions have actually been noticed that defendants have failed to attend. The federal rules clearly require witnesses to attend duly noticed depositions and clearly give all parties the right to seek protective orders when warranted. We do not see any reason to compel the attendance of witnesses to depositions that have not yet been noticed. Nor do we see any reason to preemptorily deny defendants the right to assert privileges they, in good faith, believe exist.[2] Accordingly, this request for a protective order is denied.

### 4. SANCTIONS

Christy has requested sanctions against defendants for alleged "blatant" violations of the discovery rules. In turn, defendants seek costs and attorney's fees against Christy for filing this motion.

■ We find that Christy has not shown violations that warrant the award of sanctions. Although defendants did violate Rule 30(a)(2)(B) by not requesting leave of court before noticing Christy's second deposition, we have found that defendants are entitled to such a deposition. In addition, we have found that Christy's Hall objections are meritless. For this reason we do not award Christy attorney's fees and costs.

■ Likewise, although it appears that defendants have generally acted properly in this discovery bout, they did not request leave to depose Christy a second time. This violation will not entitle them to an award of attorney's fees and costs.

---

spoke with her on this issue. The second witness denies that his counsel instructed him in this manner. In addition, according to defendants, a third person named in Christy's affidavit has never even been named by Christy as someone he intends to depose.

2. This said, we do expect defendants to comply with the discovery and substantive rulings entered to date in this litigation.

### 5. CONCLUSION

This Court is troubled by the lack of cooperation amongst the parties that has been evident throughout the litigation. This case was filed in 1993, and in 1995 discovery is still underway. There have been numerous extensions and delays, caused by all parties. These delays do not serve anyone. We encourage the litigants to use a rule of reason and professional courtesy in responding to opposing parties' requests. By this we do not intend to foreclose any legitimate or good faith objections or arguments, but merely seek to move this litigation to a judicious conclusion.

An appropriate Order follows.

### ORDER

AND NOW, this 31st day of January, 1995, upon consideration of Plaintiff's Motion for a Protective Order (document number 125) and responses thereto, the Motion is hereby DENIED in accordance with the attached Memorandum.