Maia CAPLAN

v.

**FELLHEIMER EICHEN BRAVERMAN & KASKEY and David L. Braverman.**

**Civ. A. No. 94–CV–7506.**

United States District Court, E.D. Pennsylvania.

April 11, 1995.

William H. Ewing, Carl Oxholm, III, Connolly Epstein Chicco Foxman Engelmyer and Ewing, Philadelphia, PA, for plaintiff.

Carolyn P. Short, Kenneth M. Kolaski, Philip W. Newcomer, Reed Smith Shaw & McClay, Fellheimer Eichen Braverman and Kaskey (Helen M. Braverman, of counsel), Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Today we resolve yet another discovery dispute in this litigation; this one a Motion of Plaintiff, Maia Caplan, for a Protective Order to keep her from "having to undergo additional days of deposition in this case, after defendants concluded their deposition of her on the fourth day having asked all of the questions they then had." Motion at 1. Ms. Caplan is represented by William H. Ewing. Defendants, David Braverman and the law firm of Fellheimer Eichen Braverman & Kaskey, contest this Motion, arguing that Ms. Caplan's deposition had not been completed at the end of the fourth day, and that they still had questions to ask. Defendants are represented by Carolyn P. Short. In the event we rule that the deposition had terminated, Defendants encourage this Court to permit a second deposition of the Ms. Caplan.

■ The first disagreement in this motion is what discovery rule applies.[1] Federal Rule of Civil Procedure 26(c) governs future discovery, and permits a Court to issue protective orders from future discovery upon a showing that the order is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Federal Rule of Civil Procedure 30(d)(3), in contrast, permits a Court to terminate an ongoing deposition only upon a showing that "the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party." In general, "a strong showing is required before a party will be denied the right to take a deposition." *Deines v. Vermeer Mfg.*, 133 F.R.D. 46, 47, 49 (D.Kan.1990).

Based on what the parties and their counsel said to each other on February 23, 1995, we find that the deposition was continued, not terminated. On that day, the following colloquies occurred:

*Short:* [Posed question]

*Caplan:* We've gone through this. No. It's five o'clock on the fourth day of my deposition. This territory we have been over and I have a train to catch. You had plenty of time, Ms. Short.

*Ewing:* Give her one more question.

*Short:* If you want to continue the deposition to a later time, I'm fine with that, and it may have to be done anyway because of the documents that you're talking about that you've created.

---

1. Another dispute that is not directly relevant to our analysis concerns documents requested in Ms. Caplan's Notice of Deposition. The Notice directed Ms. Caplan to appear and to "bring with her any and all documents described in Schedule A attached hereto pursuant to Rule 34 of the Federal Rules of Civil Procedure." Apparently Ms. Caplan brought the documents with her to the deposition, but at no time indicated to Defendants or to Ms. Short that she had responsive documents. Finally, at 5:00 on February 23, 1995, Ms. Short indicated that she would want to ask questions about the documents after she had received them, and Mr. Ewing told her that he had them with him.

Both parties accuse each other of unprofessionalism and deviousness regarding the document production. Ms. Caplan makes a highly technical argument that because the Notice of Deposition directed her only to "bring with her" the documents, that that is all she was obligated

to do. She argues that she had no obligation to physically hand the documents over until Ms. Short specifically requested them.

Defendants, on the other hand, argue that because the Notice of Deposition directed Ms. Caplan to bring the documents "pursuant to Rule 34" that she was required to produce them. In addition, Defendants argue, it is common procedure for a deponent to simply hand over documents at the start of a deposition and because Ms. Caplan did not, they assumed she had none at that time to produce. Further, Defendants point to several points in the deposition where they allege Ms. Caplan misled them by implying that she intended to produce documents later.

Although this dispute has bearing on the conduct of the actors and the attitudes each took at the deposition, it is not a controlling factor in our decision whether Ms. Short terminated or continued the deposition on February 23, 1995.

*Ewing:* You subpoenaed the documents. I have them right here.

[discussion whether Mr. Ewing should have handed the documents to Ms. Short at the start of the deposition]

*Short:* .... I have not seen [the documents] and you haven't produced them on the first day of the deposition. I'm going to have to have time to review them and continue her deposition based on that.

*Ewing:* You're going to have to file a motion with the Court if you want to continue her deposition.

*Short:* I certainly will.

     \*    \*    \*    \*    \*    \*

*Short:* .... I still have one other area of questioning I have to ask.

*Ewing:* It's too late.

*Short:* You're going to—

*Ewing:* It's past five o'clock. You've had four days of deposition. You knew this was the last day. We've made that clear since the very beginning.

*Caplan:* I made that clear from the beginning.

     \*    \*    \*    \*    \*    \*

*Short:* Let me make the record clear. I have not completed this deposition. I had another area of questioning that I intended to ask that counsel has now told me that I cannot because his client claims to have some train that she's catching. I will also note that I am not prepared to finish this deposition because counsel has just now at five o'clock on the fourth day indicated that he brought documents that were responsive to the subpoena when all along I imagined he was not producing documents or did not have documents that were responsive to the subpoena because he did not tell me he had any. So, that is the record I make, and I have not completed her deposition.

*Ewing:* How long is your other area of question going to take?

*Short:* The other area of questioning regardless of the documents?

*Ewing:* Yes.

*Short:* Probably about 15 minutes.

*Ewing:* Okay. Ask your other area.

[other area of questioning asked and answered]

*Short:* Thank you.

*Ewing:* Is that it?

*Short:* That's it for now, but again, I repeat for the record that once I review the documents, I will renotice her deposition.

Plaintiff's Dep. pp. 967–982.

These excerpts from the deposition clearly indicate that Ms. Short did not terminate the deposition, but at all times stated that the deposition would be continued. Her final statement, that she would re-notice Ms. Caplan's deposition, does not affect this conclusion because of everything else that was said, which indicates a continuation.

■ Accordingly, Rule 30(d)(3) applies to this Motion. Ms. Caplan makes a conclusory argument that her deposition was conducted in bad faith and was oppressive due to its length and the scope of questions asked. We agree that the deposition did last four days and the scope was broad. However, "length of the deposition, alone, is not indicative of bad faith." *Smith v. Logansport Comm. School Corp.,* 139 F.R.D. 637, 644 (N.D.Ind. 1991). In addition, our review of the deposition transcript, including the pages indicated by Ms. Caplan, indicates that the questioning was relevant either to the issues in the complaint or to damages. *See* Plaintiff's Dep. pp. 24, 31–32, 43, 80, 730.

■ We find, therefore, that Plaintiff has not made the "strong showing" required for a protective order. Accordingly, we DENY the Motion for a protective order.[2] As a

---

**2.** Even if we had found that the deposition was terminated so that Rule 26(c) applied instead of Rule 30(d)(3), we still would find that Plaintiff has not demonstrated "annoyance, embarrassment, oppression, or undue burden" with sufficient particularity to deny a second deposition.

Rule 26(c); *Perry v. Kelly–Springfield Tire Co.,* 117 F.R.D. 425, 426 (N.D.Ind.1987) (second deposition of party permitted); *Tramm v. Porter Mem. Hosp.,* 128 F.R.D. 666, 668 (N.D.Ind.1989) (same). In the past when this Court has permitted the second deposition of a party, we have

result of this holding, Plaintiff is obligated to attend the continuation of her deposition and answer any relevant, non-privileged questions posed to her. We do not limit the scope of the questioning to the materials released to Defendants at 5:00 p.m. of the fourth day of the deposition because of our finding that the deposition was never terminated. During the course of a routine deposition, a lawyer is free to revisit areas already examined, so long as that does not become oppressive or harassing. *Applied Telematics, Inc. v. Sprint Corp.,* No. 94–4603, 1995 WL 79237 at *2, 1995 U.S.Dist. Lexis 2191 at *7 (E.D.Pa. Feb. 22, 1995) ("in a complex case, such as this one, questions asked of the witnesses may overlap or be slightly repetitive"). Because we find that this deposition was not terminated, there is no reason to limit the scope of the deposition any more than we would if the fifth day of Plaintiff's deposition had followed the fourth day without incident.

Before we conclude this Memorandum, we note that this case shows every indication of consuming more of this Court's time than any other case currently before it. In the four months of this litigation's life, in addition to many substantive motions, this Court has received nine motions on a variety of non-substantive issues from all parties and several non-parties. We remind all counsel that they do not serve their clients' interests by spending time and money on motion practice that could easily be obviated by simple consideration for each other and by ensuring that their litigation choices are well grounded in the law and common sense.

limited the scope of questioning to new information. *Christy v. Pennsylvania Turnpike Commis-* *sion,* 160 F.R.D. 51 (E.D.Pa.1995); *see also Perry,* 117 F.R.D. at 426; *Tramm,* 128 F.R.D. at 668.