JADE TRADING, LLC, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 03–2164T.

United States Court of Federal Claims.

Feb. 7, 2005.

David D. Aughtry, Chamberlain, Hrdlicka, White, Williams & Martin, Atlanta, Georgia, and Linda S. Paine, Houston, Texas, for Plaintiffs.

Stuart J. Bassin, U.S. Department of Justice, Tax Division, Washington, D.C. for Defendant. Eileen J. O'Connor, Mildred L. Seidman, David Gustafson, William K. Drew, and Matthew C. Hicks, U.S. Department of Justice, Tax Division, Of Counsel.

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A SECOND DEPOSITION OF A REAL PARTY IN INTEREST

WILLIAMS, Judge.

This matter is before the Court on Defendant's motion to allow Defendant to conduct a second deposition of Gary E. Ervin, one of three brothers potentially liable for taxes and penalties in this action.[1]

Because Gary Ervin is a key fact witness in this action and because former counsel for the Government was unable to take an adequate deposition, the Court grants Defendant's motion to conduct a second deposition, but limits that deposition as set forth below and grants Plaintiffs' request for fees in part.

### Background [2]

#### The Instant Action

On September 12, 2003, Plaintiffs commenced this action seeking a readjustment of the partnership items of Jade Trading for tax year 1999. According to the Complaint, Jade is organized as a Delaware limited-liability company, but treated as a partnership for federal tax law purposes.

Plaintiff Robert Ervin and his two brothers, Gary and Tim, sold their cable businesses in 1999 for a substantial amount of cash and stock. Seeking to invest and diversify their holdings, the brothers decided to work with a hedge fund, Sentinel Advisors, LLC (Sentinel), on a venture into the Euro

---

1. Defendant filed this motion on January 10, 2005, Plaintiff responded on January 19, 2005, Defendant filed a reply on January 25, and Plaintiffs filed a Sur–Reply on February 1. Pursuant to the amended scheduling order, fact discovery closed on February 4, 2005.

2. The background is derived from the allegations in the Complaint and from this Court's opinion denying Plaintiffs' motions for summary judgment and for RCFC 56(f) relief. 60 Fed.Cl. 558 (2004).

currency market. To reduce personal liability, Robert Ervin created Ervin Capital, LLC, a limited-liability company in which he was the only member. Gary and Tim created their own single-member limited liability companies, Ervin Holdings, LLC and Ervin Investments, LLC, respectively. These single member liability companies were partners in Jade Trading. Sentinel, already a member of Jade Trading, was its managing member and the tax matters partner.

Plaintiffs allege that Jade Trading was a bona fide partnership, formed for the express purpose of making money from trading, and not with a principal purpose of reducing substantially the partners' aggregate federal tax liability.

In its 1999 partnership tax return, Jade Trading reported net losses and deductions of $292,015. The IRS, in the Final Partnership Administrative Adjustment (FPAA), dated April 15, 2003, adjusted Jade Trading's taxes for 1999 by adding $314,416 to gross income, resulting in positive net income of $22,401 for the year. The FPAA also imposed a 40–percent tax penalty due to an alleged gross valuation misstatement of the partners' basis in their partnership interest, and alternatively, assessed three penalties of 20 percent due to: (1) "negligence or disregard" of federal tax law; (2) a "substantial understatement of income tax;" and (3) a "substantial understatement of income tax because the transaction is a tax shelter, no substantial authority has been established for the position taken, and there was no reasonable belief upon the filing of the return that the position taken was more likely than not the correct treatment of the transaction."

### The Need for A Second Deposition

The parties appear to agree that Gary Ervin will be a principal fact witness at trial as he investigated and negotiated the transactions at issue and performed due diligence on behalf of himself and his brothers. Gary Ervin was initially interviewed by an Internal Revenue Service agent in April of 2003, prior to the issuance of the FPAA, and was deposed in this action by former counsel for the Government on August 9, 2004. The Government contends that this re-deposition is necessary because the initial deposition of Gary Ervin was conducted "approximately six months ago—early in the discovery process and before defendant had developed much of its current understanding of the issues in this litigation." Def.'s Rep. at 2. Further, former Government counsel had a serious family medical problem at that time and therefore took Mr. Ervin's deposition telephonically without the benefit of inquiry into significant documents.

The Government seeks another day of deposition to address six (6) areas that were either not covered in the first deposition or were covered inadequately. Plaintiff argues that the Government should be precluded from re-deposing Gary Ervin stating that "Defendant, not Gary Ervin, should bear the consequences of Defendant's chosen litigation tactics." Pl.'s Sur–Reply at 4.

### Discussion

The decision of whether to grant a second deposition is left to a trial court's discretion. *Tramm v. Porter Mem. Hosp.*, 128 F.R.D. 666, 668 (N.D.Ind.1989); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D.Kan.1996). Some courts have opined that leave to conduct a second deposition should ordinarily be granted, and that the party opposing the second deposition must demonstrate good cause why the second deposition should not be taken. *See Judicial Watch, Inc. v. United States DOC*, 34 F.Supp 2d 47, 54–55 (D.D.C.1998); *Plaisance v. Beef Connection Steakhouse*, 1998 WL 214740, 1998 U.S. Dist. LEXIS 6389 (E.D.La. April 30, 1998).

Rule 30(a)(2)(B) of the Rules of the United States Court of Federal Claims (RCFC) provides:

A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in RCFC 26(b)(2) if ... without the written stipulation of the parties, the person to be examined has been deposed in the case ...

Rule 26(b)(2) provides in part:

The frequency or extent of use of the discovery methods otherwise permitted under these rules shall be limited by the court if it determines that: (i) the discov-

ery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

■ In the instant matter, leave of court is properly granted to take a second deposition of Gary Ervin.

### Gary Ervin is the Only Source for Much of the Information Sought

Gary Ervin is likely to be the key fact witness in this action, and much of the information that the Government seeks in the second deposition is not obtainable from any other source. Because Gary Ervin seeks to recover millions of dollars in taxes and penalties that were assessed against him by the IRS, he is a real party in interest and possesses a large stake in the litigation. Many of the reasons put forth by the Government for refusing to recognize the Jade partnership and for assessing penalties turn on issues that directly relate to Mr. Ervin's understanding of the transactions and purposes of the various entities set up after the Ervin brothers sold their cable company. It was Gary Ervin who interfaced with the investment advisors, performed due diligence and advised his brothers on the transactions at issue. Facts which are primarily within the first-hand knowledge of Gary Ervin are central to this action. *See* Def.'s Preliminary Statement of Contentions at 7 ("defendant contends, at least preliminarily, that the evidence at trial will demonstrate that— d) the Ervins and Jade Trading never had any intention of entering a program of foreign currency trading or investment; any bona fide trades they made were mere window-dress-

ing"); Def.'s Preliminary Statement of Contentions at 9 ("In determining whether a transaction has economic substance, both the objective economic substance of the transaction and the subjective business motivation of the taxpayer must be determined"); Def.'s Preliminary Statement of Contentions at 14 (. . . "the Ervins may deduct their losses only if the [ ] transaction was entered into for profit").

### Previous Counsel's Family Illness Affected Defendant's Ability to Conduct An Adequate Deposition

Although the Government has had ample opportunity to conduct discovery in this action, unfortunate circumstances—a serious family medical problem of former government counsel—impeded that opportunity here. Having reviewed the deposition, the Court concludes that it is inadequate for this litigation and that the interests of justice will be served by allowing a narrowly circumscribed second deposition. Further, previous counsel for the Government was replaced just over two months ago in November 2004, by current counsel. In cases where there is substitution of counsel, courts have allowed second depositions limited in scope to matters not previously covered. *See Tramm,* 128 F.R.D. at 668.

### The Benefits of Allowing the Second Deposition Outweigh the Burdens

While the Court is conscious of the additional burden and costs that will be borne by Plaintiffs in allowing this deposition, the Court is of the view that not permitting an adequate discovery deposition will adversely affect the examination of Gary Ervin at trial, at perhaps even greater expense to the parties, other witnesses, and this Court.[3] Furthermore, given the amount in controversy and the cutting edge issues in this action, it is critical to have a full and meaningful development of the record prior to trial.

### Conclusion

Defendant's request to re-depose Gary Ervin is granted in part. The deposition shall

---

**3.** To alleviate the burden of the re-deposition on Plaintiffs, the Court is granting Plaintiffs' request

for costs in part.

be limited in scope to the following enumerated areas[4] and subject to the conditions below:

**Subject Matter**

1. The Opinion Letter obtained by Mr. Ervin from Curtis Mallet;

2. Chronology of steps and use of the Single Member-entities (SMEs);

3. Fees paid by the Ervins in connection with the transactions at issue and apportionment and negotiation of fees;

4. Jade's Planned Investment Program— including the contemplated type of options, frequency of trades and margin requirements, and the ability to make the 38:1 profit contemplated by knockout options;

5. Actual Investment Experience—how the Ervins implemented their investment plan; and

6. The Ervins' exit from Jade.

**Conditions**

1. No question previously asked of Gary Ervin may be re-asked. Counsel may follow up on areas enumerated above which were inadequately covered in the first deposition;

2. The deposition shall be completed by **February 25, 2005**;

3. The deposition shall not exceed 6 hours and shall be conducted at a time and place convenient to Mr. Ervin;

4. The conduct of this deposition shall not delay the schedule in this case;

5. Defendant shall pay the following costs associated with Gary Ervin's second deposition: reasonable travel expenses of Mr. Ervin and/or his counsel, attorney's fees[5] and costs of transcripts and other documented incidental costs.

4. Defendant requested to re-depose Gary Ervin on topics which *included* the enumerated topics. The Court denies this open-ended request and limits the deposition to the topics set forth herein.

5. Fees are limited to one attorney on the day of the deposition, *i.e.,* travel time to and from, the deposition and time spent in the deposition. The Government is not responsible for attorney's fees or costs incurred preparing the witness for re-deposition.