**Reuben AVENT, Petitioner,**

v.

**SOLFARO, Supt., et al., Respondents.**

**No. 02 Civ. 914(RCC)(RLE).**

United States District Court,
S.D. New York.

Oct. 9, 2002.

Reuben Avent, Attica, NY, pro se.

Thomas K. McCarren, Burke Miele & Golden, LLP, Suffern, NY, for respondents.

## OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

On February 6, 2002, *pro se* incarcerated plaintiff Reuben Avent ("Avent") filed this action pursuant to 42 U.S.C. § 1983, alleging

violations of the Eighth Amendment and of his right to procedural due process. Avent has named as defendants Superintendent Solfaro ("Solfaro"), Sergeant Gentillo ("Gentillo"), and Correctional Officer Washington ("Washington"). The alleged incidents occurred at the Rockland County Jail on July 23, 2001. Avent has requested that the Court appoint counsel for him. He also filed a motion to strike defendants' affirmative defenses, and a motion to compel discovery and for sanctions. For the reasons which follow, each of Avent's pending applications is **DENIED**.

## II. AVENT'S FACTUAL ALLEGATIONS

Avent claims that on the morning of July 23, 2001, Washington told him that he could take his hour of recreation time plus an additional fifteen minutes. Complaint. Washington later allegedly told Avent to forget his recreation and ordered Avent to "lock in." *Id.* After locking into his cell, Avent claims he asked to speak with a sergeant. He asserts that Sergeant Gentillo arrived, saying, "I'm not in the mood for this shit," and sprayed mace in his face for thirty to forty seconds. *Id.* Avent was handcuffed by Washington, who allegedly shoved his face into the cell wall. Avent claims that Gentillo then ran his face into closed doors in order to open them as he was brought to the intake area. *Id.* Avent also alleges that he was placed in a dirty tank for several hours, handcuffed and left without a meal, and that he was not allowed to see a nurse or wash his face. He further claims he was not given a chance to clean his cell and was denied access to the law library. In addition, Avent claims his right to due process was violated because he was denied participation in a disciplinary hearing following this incident. *Id.* He asserts that he simply was informed of his punishment, including loss of visiting and commissary privileges. Avent asserts that Washington and Gentillo violated his constitutional rights by committing the above acts. He further alleges that Solfaro allowed the acts to occur and denied him his right to a disciplinary hearing and the right to learn the law. His alleged injuries include irregu-

lar breathing problems, a broken nose, loss of vision, headaches, and swelling of the eyes.

## III. DISCUSSION

### A. Appointment of Counsel

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court of Appeals for the Second Circuit has articulated the factors that a court should consider in deciding whether to appoint counsel for an indigent civil litigant. The court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir.1989) (*citing Jenkins v. Chemical Bank,* 721 F.2d 876, 879 (2d Cir. 1983)). The court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir.1994). If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir. 1986). After the two threshold determinations have been made as to indigence and merit, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues involved; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61–62.

Here, Avent's request to proceed *in forma pauperis* was granted on February 6, 2002, and therefore, he satisfies the threshold requirement of indigence. Avent's allegations, including that he was denied a hearing, subjected to excessive force and denied medical attention, properly state a claim under 42 U.S.C. § 1983. He has demonstrated that he is capable of presenting the facts clearly and

drafting pleadings and motions backed by legal research. Furthermore, this case does not present novel or overly complex legal issues.

After careful review of Avent's application in light of the aforementioned principles, the Court finds that appointment of counsel is not warranted in this case. The motion is **DENIED**.

## B. Motion to Strike Affirmative Defenses

■ On July 1, 2002, Avent filed a motion for an order to strike insufficient affirmative defenses and other portions of defendants' answer. Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In order to prevail on a motion to strike under Rule 12(f), the movant must show (1) that the challenged portions of the pleading are not sufficiently related to plaintiff's claims and (2) "that their presence in the pleading ... will be prejudicial to the moving party." *Dixie Yarns, Inc. v. Forman,* No. 91 Civ. 6449, 1993 WL 227661, *4 (S.D.N.Y. June 21, 1993) (*citing* 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1380 at 649–50 (2d ed.1990)); *see also* 2 James Moore et al., Moore's Federal Practice, ¶ 12.37[3] (3d ed.2002). Furthermore, courts prefer not to grant a motion to strike "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *See William Z. Salcer, et al. v. Envicon Equities, Corp.,* 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds,* 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986) (*citing Durham Industries, Inc. v. North River Ins. Co.,* 482 F.Supp. 910, 913 (S.D.N.Y.1979)). Courts also are reluctant to determine disputed questions of law prior to discovery and a hearing on the merits, *Dixie,* 1993 WL 227661 at *4; *Salcer,* 744 F.2d at 939, and will not grant a motion to strike unless the defense "is clearly insufficient as a matter of law." *Oliner v. McBride's Indus. Inc.,* 106 F.R.D. 14, 17 (S.D.N.Y.1985) (*citations omitted*).

■ Avent urges the Court to strike portions of defendants' answer that constitute denials of his specific factual allegations because Avent claims the evidence is clear that his allegations are true. In other words, Avent requests that this Court rule on certain factual disputes by granting the motion to strike. Factual disputes are best resolved once the parties have conducted discovery and once the Court can better determine the case on its merits, and defendants' allegations, therefore, should not be stricken.

Avent also moves to strike the affirmative defenses, including failure to state a claim upon which relief may be granted, failure to exhaust administrative remedies, failure to mitigate damages, qualified immunity, legal insufficiency of plaintiff's alleged injuries, good faith on the part of defendants, and setoff of damages. Avent will have the opportunity later in this action to demonstrate the applicability of certain defenses. The defendants' answers and affirmative defenses are not redundant, immaterial or legally insufficient so as to warrant striking them. Nor has Avent sufficiently demonstrated he will be unnecessarily prejudiced if they remain in the pleading. The fact that he will have to further litigate his claims, which involve factual and legal disputes, is not sufficient to show that he will be prejudiced. Even if Avent has limited library access, which he claims increases the prejudice, striking defenses is not the proper remedy.

## C. Motion to Compel Discovery and for Sanctions

■ Rule 37(a)(2) of the Federal Rules of Civil Procedure provides as follows:

(A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions ... (B) ...or if a party, in response to a request for inspection submitted under Rule 34, fails to respond ... the discovering party may move for an order compelling ... inspection in accordance with the request. The motion must include a certification that the movant has in good faith attempted to confer with the person or party failing to make the discovery in an effort to secure the

 

information or material without court action.

Additionally, Rule 37.2 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York requires that:

> No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the court and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.

The above rules require parties to "make a genuine effort to resolve the dispute" before resorting to a court's involvement. *See Tri–Star Pictures, Inc. v. Unger,* 171 F.R.D. 94, 99 (S.D.N.Y.1997). The "meet-and-confer" requirement "embodies a policy of encouraging voluntary resolution of pretrial disputes, in the interest of judicial and client economy and effective processing of cases." *Kolenc v. Bellizzi,* 1999 WL 92604 (S.D.N.Y. Feb. 22, 1999) (*quoting Matsushita Elec. Corp. of America v. 212 Copiers Corp.,* 1996 WL 87245 at *1 (S.D.N.Y. Feb. 29, 1996)).

Avent requested materials pursuant to Rule 34 of the Federal Rules of Civil Procedure on May 21, 2002, and then filed this motion to compel discovery and for sanctions on July 19, 2002. He has not shown that he attempted to contact defendants to inquire about his requests, nor did he ask this Court for a conference before making the motion. Therefore, Avent has not satisfied the requirement under the Federal and Local Rules that he first confer with the other party. Accordingly, Avent's motion to compel is DENIED without prejudice, and his motion for sanctions under Rule 37(a)(4) is moot.

### III.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

(1) Avent's request for assistance of counsel is **DENIED,**

(2) his motion to strike affirmative defenses and answer is **DENIED,** and

(3) his motion to compel and for sanctions is **DENIED** without prejudice.