*Passera v. Global Values*, No. 606-11-19 Wncv (Tomasi, J., June 2, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Washington Unit | Docket No. 606-11-19 Wncv |

| | |
|---|---|
| Robert Passera,<br>Plaintiff<br><br>v.<br><br>Global Values, Inc.,<br>Defendant | DECISION ON MOTIONS |

In this case, Plaintiff brings various contract and tort claims against his former employer arising out of his termination. Defendant has counterclaimed raising its own series of contract and tort causes of action. Presently before the Court is: (a) Plaintiff's motion for a protective order barring the deposition of another one of his former employers; and Defendant's motion to compel requesting that Plaintiff withdraw any objections made to the deposition and take steps to facilitate the other former employer's compliance with the subpoena.

Prior to reaching the merits of these issues, Defendant points out that Plaintiff's motion does not contain a certification of a good-faith attempt to resolve the dispute under Vt. R. Civ. P. 26(h). Defendant accompanies his request for a motion to compel with a Rule 26(h) certificate indicating that he sent an email concerning the issues to Plaintiff's counsel and had received no response.

In the Court's view, neither party's request for a discovery order properly complies with the letter and spirit of Rule 26(h). Typically, letters and even emails

between counsel are insufficient to meet Rule 26(h)'s demand that counsel "confer" in an attempt to resolve or narrow the scope of any discovery dispute. Indeed, the Reporter's notes to Rule 26 advise that there must be "consultation" between counsel concerning discovery differences.

In the normal course, the Court expects that counsel will "converse, confer, compare views, consult and deliberate," *Augustine v. Adams*, No. 95–2489–GTV, 1997 WL 260016, at *2 (D. Kan. May 8, 1997) (internal quotation omitted), in advance of seeking discovery sanctions. *See Tri-Star Pictures v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y. 1997); *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 172 (D. Nev. 1966) (similarly interpreting analogous federal rules). Usually, one or even a few unproductive letters do not meet the requirement that counsel confer. *See Wilbert v. Promotional Resources*, No. 98-2370, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999); *Prescient Partners, LP v. Fieldcrest Cannon, Inc.,* No. 96 Civ. 7590, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998) ) (conferring requires "live exchange of ideas and opinions" (internal quotation omitted)).[1]

---

[1] The unreported, three-Justice decision in *Volvovitz v. High Ridge Owners Ass'n*, No. 2007-272, 2008 WL 2811208, at *3 (Vt. Feb. 2008) (mem), is not to the contrary. There, the Court imposed sanctions under Rule 37 for a party's failure to comply with a prior Court order concerning discovery. That order specifically advised the party that it could be subject to sanction, including dismissal, for failing to comply with the discovery order. This case is different because the movant is not seeking enforcement of an existing Court order concerning discovery. The *Volvovitz* Court also went on to suggest that the conferring between counsel may not be mandatory if that process would be futile. This Court declines to adopt such an exception, at least in this case. If a futility exception to Rule 26(h) exists, it is exceedingly narrow and has not been established on the facts presented here.

In this instance, Plaintiff's filing does not contain any certification. While counsel for Defendant's certification states that he sent one email to Plaintiff's counsel, it does not reflect any substantive discussions or meetings between them concerning the instant dispute. Additionally, Plaintiff's reply indicates that the motion to compel was filed with little time afforded for a response to that email. As a result, neither filing reflects the discussions of positions, concerns, and possible compromises that lie at the heart of Rule 26(h).

Further, the Court notes that, despite an admonition that a proposed scheduling order be filed, none has been submitted.

WHEREFORE, both motions are denied without prejudice for failure to comply with Rule 26(h). Counsel are expected to confer regarding these issues and work together to resolve or narrow them, if possible. If Court involvement is still needed, any Rule 26(h) certificate should describe those efforts.

Further, counsel are also required to confer and submit a proposed discovery schedule to the Court. If they are unable to agree in whole or part, competing schedules may be submitted to the Court. Those steps should occur within 30 days. The Court is unlikely to resolve discovery disputes in the absence of such a scheduling order.

Electronically signed on June 2, 2020, at 1:34 PM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge

3