Filed 09/03/24

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00870

| Liam Gannon, MD v. Copley Hospital Inc. |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Compel  (Motion: 1)
Filer:        William A. O'Rourke, III
Filed Date:  July 09, 2024

The Court does not believe the present request for sanctions under Rules 26 and 37 satisfy the requirements of Vt. R. Civ. P. 26(h).  As the Court has noted, typically, letters and even emails between counsel are insufficient, in the Court's view, to meet Rule 26(h)'s demand that counsel "confer" in an attempt to resolve or narrow the scope of any discovery dispute. *Passera v. Global Values, Inc.*, No. 606-11-19 WNCV, 2020 WL 13260817, at *1 (Vt. Super. June 02, 2020).  Indeed, the Reporter's notes to Rule 26 advise that there must be "consultation" between counsel concerning discovery differences.

In the normal course, this Court expects that counsel will "converse, confer, compare views, consult and deliberate," *Augustine v. Adams,* No. 95–2489–GTV, 1997 WL 260016, at *2 (D. Kan. May 8, 1997) (internal quotation omitted), in advance of seeking discovery sanctions. *See Tri-Star Pictures v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y. 1997); *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 172 (D. Nev. 1966).  One or even a few unproductive letters do not meet the requirement that counsel confer.  *See Wilbert v. Promotional Resources*, No. 98-2370, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999); *Prescient Partners, LP v.*

*Fieldcrest Cannon, Inc.*, No. 96 Civ. 7590, 1998 WL 67672, at \*3 (S.D.N.Y. Feb. 18, 1998) (requires "live exchange of ideas and opinions" (internal quotation omitted)).[1]

Here, while counsel's accompanying certification shows some written exchanges between counsel, it does not reflect any substantive discussions or meetings between them concerning the instant dispute. Further, Plaintiff's opposition indicates that supplemental responses have now been made, and it does not appear that counsel have conferred as to the adequacy of those responses. *Cf. Lefebvre v. Astrue*, No. 1:05–CV–255, 2007 WL 1234931, at \*2 (D. Vt. April 26, 2007) (supplemental responses filed after motion may eliminate or narrow scope of discovery dispute).

Accordingly, the motion is dismissed without prejudice. Defendant may re-file after complying with Rule 26(h), as outlined above. The Rule 26(h) process is designed to afford counsel on both sides the opportunity to discuss, reflect upon, and potentially to compromise their positions without need of Court involvement. The Court encourages counsel to engage fully in that process.

Electronically signed on Friday, August 23, 2024, per V.R.E.F. 9(d).

_____

[1] The unreported, three-Justice decision in *Volvovitz v. High Ridge Owners Ass'n*, No. 2007-272, 2008 WL 2811208, at \*3 (Vt. Feb. 2008) (mem), is not to the contrary. There, the Court imposed sanctions under Rule 37 for a party's failure to comply with a prior Court order concerning discovery. That order specifically advised the party that it could be subject to sanction, including dismissal, for failing to comply with the discovery order. This case is different because the movant is not seeking enforcement of an existing Court order concerning discovery. The *Volvovitz* Court also went on to suggest that the conferring requirement may not be mandatory if that process would be futile. This Court declines to adopt such an exception, at least in this case. If a futility exception to Rule 26(h) exists, it is exceedingly narrow and has not been established on the facts presented here.

Entry Regarding Motion
24-CV-00870 Liam Gannon, MD v. Copley Hospital Inc.