Filed 05/30/25

STATE OF VERMONT

SUPERIOR COURT                                              CIVIL DIVISION
Washington Unit                                            No. 21-CV-1702

---

ANDREW WOOD,
    Plaintiff,

v.

JEFFREY WALLIN, Director of Vermont
Crime Information Center and
MICHAEL SCHIRLING, Commissioner of
Department of Public Safety,
    Defendants.

---

<u>Opinion and Order on Mr. Woods' Motion to Compel
and the State's Motion for a Protective Order</u>

Plaintiff Andrew Wood seeks review of a determination of the Vermont

Department of Public Safety (DPS or the State) to not remove him from the

Vermont Sex Offender Registry operated by the Vermont Crime Information Center

(part of DPS). In earlier proceedings, the Court ruled that, under the applicable

version of the relevant registry statute, 13 V.S.A. § 5407(e), Mr. Wood properly

remained on the registry. On appeal, a majority of the Supreme Court vacated the

trial court's legal ruling and remanded for further proceedings. It concluded that

the statute is ambiguous, at least for present purposes, and the factual record is

conflicting or undeveloped. Following remand, the parties engaged in discovery,

which has resulted in a dispute, prompting Mr. Wood's motion to compel and the

State's motion for a protective order.

The Court observes at the outset that it does not appear that the parties have adequately conferred for purposes of Vt. R. Civ. P. 26(h). Typically, letters and even emails between counsel are insufficient to meet Rule 26(h)'s demand that counsel "confer" in an attempt to resolve or narrow the scope of any discovery dispute. Indeed, the Reporter's notes to Rule 26 advise that there must be "consultation" between counsel concerning discovery differences.

Generally, the Court expects that counsel will "converse, confer, compare views, consult and deliberate," *Augustine v. Adams*, No. 95–2489–GTV, 1997 WL 260016, at *2 (D. Kan. May 8, 1997) (internal quotation omitted), in advance of seeking court involvement. *See Tri-Star Pictures v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y. 1997); *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 172 (D. Nev. 1966) (similarly interpreting analogous federal rules). Usually, one or even a few unproductive letters do not meet the requirement that counsel confer. *See Wilbert v. Promotional Resources*, No. 98-2370, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999); *Prescient Partners, LP v. Fieldcrest Cannon, Inc.*, No. 96 Civ. 7590, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998) (conferring requires "live exchange of ideas and opinions" (internal quotation omitted)). As one Court has put it: "The requirement to meet and confer is neither optional nor a meaningless formality. To the contrary, it is a check against an erroneous path to action by causing parties to take a hard look at their viewpoints and 'to engage in a meaningful dialogue about their respective positions on disputed issues' so that they can 'resolve issues without the need for further action.' Indeed, meeting and conferring first to avoid litigation

later saves the parties, their counsel, the court, and the taxpayers the hassle and expense of further litigation." *Boulder Falcon, LLC v. Brown*, 345 F.R.D. 511, 526 (D. Utah 2023) (footnotes omitted).

The record reflects that counsel for Mr. Wood and the State e-mailed back and forth a few times.[1] While that prompted Mr. Wood to very slightly modify his requests, the parties' limited communications were largely deficient and unproductive. This appears to be due, at least in part, to the informality of Mr. Wood's discovery requests, that he sent some of them to government lawyers who are not counsel of record for the State in this case, that Mr. Wood's requests are overbroad in the extreme, and the parties have apparently strikingly divergent views as to the issues that remain to be decided in this case.[2]

Both motions are denied without prejudice on that basis.

As regards the motion to compel, the Court also notes that it is not calculated to comply with that part of Vt. R. Civ. P. 26(h) that provides: "memoranda with respect to any discovery motion shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason

---

[1] While there was one phone call in between the revisions, no conference occurred thereafter and in light of the new requests. That one call, with changes made thereafter, does not meet the demands of Rule 26(h). *Cf. Lefebvre v. Astrue*, No. 1:05–CV–255, 2007 WL 1234931, at *2 (D .Vt. April 26, 2007) (supplemental responses filed after motion may have eliminated or narrowed scope of discovery dispute).

[2] Attorney McLean has made clear that he is appearing in this case for the State generally rather than DPS specifically.

why the item should be allowed or disallowed." In short, the Court has little idea as to what already has been produced, and Mr. Wood's evolving requests leave some question as to their current scope.

While relying on the procedural problems noted above, the Court provides additional guidance concerning discovery in this matter. The disputed requests are very broad. For example, one of the requests, *as narrowed* in e-mail correspondence, appears to seek: "Any and all written correspondence between any employee of the Department of Public Safety and any Department of Corrections' employee regarding any matter concerning Andrew Wood and sent or received since June 1, 2010." Such a request is not targeted at generating discovery that is "relevant to any party's claim or defense and proportional to the needs of the case." Vt. R. Civ. P. 26(b)(1) (reflecting the 2017 amendment). Rather, this and several other of the disputed requests are guaranteed to generate gigantic amounts of completely irrelevant records after putting the State to extraordinary effort. Requesting everything that may exist because that will include the small set of everything that is relevant wholly undermines the letter and spirit of both the 2017 amendment to Vt. R. Civ. P. 26(b)(1) and Vt. R. Civ. P. 1, which provides that the Rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action."

The Court suggests that revised requests be submitted and properly served. In the Court's view, and without prejudice to future arguments for additional evidence, Mr. Wood is entitled to reasonable discovery of evidence documenting the

4

DOC's or Parole Board's views as to how and why either interprets his parole to relate to his sexual assault conviction, including whether his sexual assault sentence has terminated or not. Also relevant would be evidence documenting how DPS thinks § 5407(e) operates in the circumstances of this case. Discovery requests must be appropriately targeted at and limited to producing relevant evidence that falls within the scope of the High Court's remand.

Lastly, the Court notes that Mr. Wood has at his disposal discovery devices other than requests to produce that can help reveal both relevant evidence and where or from whom to seek relevant evidence so as to better avoid unnecessary and unreasonable overbreadth, including interrogatories and 30(b)(6) depositions, and requests for admission can be used to narrow the field of what may be in dispute. The parties may also consider sequencing discovery if they are at an impasse as to its proper scope.

## Conclusion

For the foregoing reasons, the motions are denied without prejudice.

Electronically signed on May 30, 2025, per V.R.E.F. 9(d).

 

 

_____
Timothy B. Tomasi
Superior Court Judge

5